IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CR-260-3BO-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **ORDER FOR DETENTION OF** |
| v. | ) | **VALENTE CHAVEZ SANCHEZ** |
| | ) | **AS MATERIAL WITNESS** |
| JOSE ALTAGRACIA DELEON CORCINO, | ) | |
| a/k/a "Frankie Boss," | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f) and § 3144,[1] to detain Valente Chavez Sanchez ("Sanchez") as a material witness. The government made the motion orally in open court (*see* Minute Entry after D.E. 190) at Sanchez's initial appearance on 19 May 2011 (D.E. 188). The court had previously entered a sealed order (D.E. 184) providing for Sanchez's arrest as a material witness, pursuant to 18 U.S.C. § 3144, based on the government's sealed application with supporting affidavit for such relief (D.E. 183).[2]

---

[1] Section 3144 reads:

If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.

[2] At the initial appearance, the court, with the government's consent, unsealed these documents solely for production to Sanchez's counsel. (*See* D.E. 188 at 2).

At the detention hearing, the government relied for evidence on the affidavit supporting its application for a material witness warrant and the pretrial services report (D.E. 192). It also explained that it intended to preserve Sanchez's testimony by way of a deposition pursuant to Fed. R. Crim. P. 15 and 18 U.S.C. § 3144, but that the taking of the deposition would have to await the extradition of defendant Jose Altagracia Deleon Corcino ("defendant") from the Dominican Republic because, under Rule 15(c), defendant is entitled to be present at the deposition. The government estimated that the extradition process would take about 45 days.

Sanchez did not present any evidence at the detention hearing. He did, though, raise the question of the appropriate means of alerting the court if the delay in the taking of Sanchez's deposition extends beyond the approximately 45 days estimated by the government.

After careful consideration pursuant to 18 U.S.C. § 3142(g) of the relevant information in the affidavit supporting the government's application for a material witness warrant, the pretrial services report, and the other information presented at the detention hearing, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of Sanchez at his deposition (or trial) if he is released. The government's motion for detention will therefore be granted.

The principal bases for the court's determination are that Sanchez is an illegal alien from Mexico subject to deportation. Most, if not all, of his family, including his children, reside in Mexico. He has few other ties to the local area. He therefore has a strong incentive to flee to Mexico. In addition, he was previously convicted of two felonies in this case and has served the term of imprisonment imposed upon him (although his period of supervised release has begun). The prospect of further involvement in the case provides, if anything, a further incentive to flee. He certainly has no discernable incentive to remain in order to provide testimony against defendant.

IT IS THEREFORE ORDERED as follows:

1. The government's motion for detention is ALLOWED;

2. Sanchez is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Sanchez shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Sanchez to the United States Marshal for the purpose of an appearance in connection with a court proceeding;

3. The government shall pursue extradition of defendant to the United States as promptly as reasonably possible and shall notify Sanchez's counsel of any anticipated delays in defendant's extradition beyond the approximately 45 days currently estimated. Sanchez may file an appropriate motion in the event of delay in defendant's extradition beyond this 45-day period or in the taking of Sanchez's deposition after defendant's extradition;

4. The government shall take the deposition of Sanchez pursuant to 18 U.S.C. § 3144 and Fed. R. Crim. P. 15 as soon as practicable after defendant's extradition and shall have the transcript of the deposition prepared on an expedited basis. Counsel for the government, Sanchez, and defendant shall confer in good faith about the scheduling of Sanchez's deposition;

5. Defendant shall have the right to be present at Sanchez's deposition, as provided in Fed. R. Crim. P. 15(c);

6. Sanchez shall remain in custody until he has signed under oath the transcript of his deposition and the court orders his release, in accordance with 18 U.S.C. § 3144;

3

7. If defendant has any objection to the taking of the deposition ordered herein, he shall file a motion for the relief he seeks prior to the date noticed for Sanchez's deposition.

This, the 24th day of May 2011.

James E. Gates
United States Magistrate Judge